31,418-06

April 19, 2015

MOTION DENIED
DATE: 4-9-15
BY: P.C.

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 23 2015
Abel Acosta, Clerk

Attn: Clerk of Court
    P.O. Box 12308
    Austin, Tx. 78711

RE: Change of Address Notice, Reorging Judicial Notice
    Prather, Jesse Kenneth, Tr. Ct. 1034927-B - WR-31,418-06

        Please take notice that since the commencement
of the writs original Filing Applicant is reporting an Address
change. New→ Jesse K Prather
            No: 1343046
            Hughes Unit
            RT 2 Box 4400
        Gatesville, Tx. 76597
        Please take Further notice that Applicant has
enclosed A previous request For judicial notice And now
reorges its Filing
        Thank you for your Attention

Respectfolly
Jesse K Prather

Enclosures//cc:

March 1st, 2015

ATTN: Clerk of Court
    P.O. Box 12308
    Austin, Tx. 78711

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 08 2015
Abel Acosta, Clerk

RE: WR. No: To Be issued    WR-31-418-06
    Trial CT. No: 1034927-B   262nd Judicial District

        Enclosed herewith please Find An original
copy of Applicants "Request For Judicial Notice" to be Filed
Among the papers in the Above capationed matters.
        Thank you For your Assistance

Respectfully,
Jesse K. Arther
No: 1343046
Jesse K. Prather

Enclosures/cc: CHris DANiels
        Harris County D.C.

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 23 2015
Abel Acosta, Clerk

# In The Court of Criminal Appeals
## Austin, Texas

X

Exparte, Jesse K. Prather  X  WR. No: To Be Issued

Applicant  X  WR-31-418-06

## Applicants Request For Judicial Notice

Applicant, Jesse K. Prather Files this request For Judicial Notice. In support of such requested motion Applicant submit the Following:

Applicant's motion/request is Filed pursuant to rule 201(b) of the "Tex. R. Evid." Applicant would Ask the court to take Judicial Notice of Facts that respondent is departing From normal Judicial practices in resolving time credit dispute writs in Accordance with legislative statute's intent.

Applicant Further request Judicial Notice to resolve previous precendent, And material Facts of similarly situated Jurisdictions resolution relating to the same subject matter "CL-147" time dispute correction of classification records.

The Texas Court of Criminal Appeals has Jurisdiction And a Judicial duty to determine if respondent has so Far departed From solemn guided legal principles relating to CL-147 time dispute resolution matters, does respondents conclusion of law, or Application of law have Adverse results that Are of constitutional significants

The Adverse party "Applicant" has the right to be heard as to whether Judicial Notice on particular issues on evidence is proper.

Honorable, Bradley of the 262nd Judicial District Court erred and ignored Applicants argument in employing the incorrect standard of review in determining the instant writ "time credits and correction of records contentions."

CL-147 is derived from legislation designed to protect inmates who seek corrections of disputed Facts relating to time classification records, eligible work time, derives from senate bill 245.

Legislature created the dispute time section by way of enactments and amendments to government codes in which an inmate can petition through Administrative channels A "CL-147" to correct time credit questions, classification correction of records, they have 180 days to respond otherwise "Applicant" can seek redress by petitioning the courts through a writ of habeas corpus to order the corrections be made.

"Irrefutable Material Facts"

1) Applicant unsuccessfully attempted to get the problem corrected Administratively and diligently pursued the matters to no Avail through TDCJ's CL-147

2) Dispute Resolution Time Sections 180 days expired on August 19, 2014 - Applicants writ was Filed on Jan 29, 2015

3) Applicant with the corrections of time credits/records becomes eligible for review from Texas Board of Pardon and Parole within a 6 month time Frame.

4) Applicant has satisfied all prongs of CL-147 Analysis under legislative enactments in order for habeas relief to be granted.

5) Legislature along with Texas Board of Criminal Justice changed policy allowing the restoration of good time revoked as the result of disciplinary action 9-1-09 (the suspension last 1yr)

6) Executive and Administrative Directives in relation to disciplinary action and sanction "Authorizes" re-opening and corrections be made to inmates records "these avenues were exhausted"

7) Applicant cannot perform any labor related work as the results of medical conditions/restrictions and is thereby classified to a medical squad which does not turn out for work assignments therefore I'm entitled for classification to correct the work time the laws state one can receive (oct of 2011 to 9-13-13)


Applicant in concluding the requested judicial notice points out both respondent and states findings contradict and debunk their own legal reasoning and argument in light of TCCA's new predecent case law relating to time dispute credit applications "overruling" respondent/states 28 year old case argument.

TDCJ's Dispute Resolution Time Section Classification and Records office has failed to respond to applicants CL-147 under the current statutes time line.

The Texas Court of Criminal Appeals should find it meritorious that other similarly situated jurisdictions resolve time dispute questions differently by ordering affidavits from the Classification and Records Department     Respectfully

Jesse K. Prather

NO: 1343046

## Certificate of Service

I, the undersigned authority, do hereby certify that a true and correct copy of the foregoing was served by placing same in the U.S. mail on the 2nd day of March 2015 addressed to:

Tx. CT. Crim. App.
Clerk of Court
P.O. Box 12308
Austin, TX 78711

Clerk of Harris County
Chris Daniels
P.O. Box 4651
Houston, TX. 77210-4651

Respectfully
Jesse K. Prather
No. 1343046